# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GREGORY ISAAC KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1213 JAR |
| | ) |
| BRUCE REISER & ASSOCIATES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Gregory Issac King for leave to proceed herein in forma pauperis. Having reviewed the financial information submitted in support of the motion, the Court has determined that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. In addition, based upon a review of the complaint, the Court finds that it must be dismissed as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless." *Denton*, 504 U.S. at 32-33. Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.*

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his civil rights. Plaintiff filed a complaint on July 20, 2018, against defendant Bruce Reiser & Associates. Although difficult to decipher, plaintiff's complaint and its exhibits state that plaintiff "would like to file a relief request of abuse of access to our Eifee Technology from members of the U.S. Military against myself and family members which has caused great pain and discomfort. This action has been going on for over 2 weeks and is [illegible] with a range that covers the twin cities." In addition to his original complaint, plaintiff has filed four supplemental pleadings, as well as a motion to add parties. In his supplemental pleadings, plaintiff asserts that he has been the subject of "mail manipulation."

Further, plaintiff seeks reconsideration of the Court's earlier denial of plaintiff's request for emergency funding [Doc. #5] to return to Minnesota. In his reconsideration motions, [Doc. #10 and #12], plaintiff states that he wishes to return to Minnesota to "dispute a dismissal of a harassment case" against a parole officer and to allow for "additional physical harm proof from CT imaging."

The Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless. *See Denton*, 504 U.S. at 32-33. The Court therefore concludes that this action is factually frivolous, and will dismiss it as such. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Additionally, as stated in the Order denying plaintiff's request for emergency financial assistance, the Court has no jurisdiction to grant plaintiff the relief he requested in his motion. The federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statue, which is not to be expanded by judicial decree." *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Simply, the Court is without jurisdiction to give plaintiff money to help him return to his home state. As such, plaintiff's motions for reconsideration of the denial of the request for emergency assistance will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint as well as the supplements to plaintiff's complaint, are **DISMISSED** without prejudice because they are factually frivolous. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motions for reconsideration of the denial of his request for emergency assistance [Doc. #10 and #12] are **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of February, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3